In the Matter of the Complaint of FLORENCE ROSSMAN for an Order of Filiation against one HOWARD GREENE, Defendant, Appellant. TOWN OF ROXBURY, N. Y., Respondent.— This is an appeal from an order of filiation of the Children's Court of Delaware County, entered May 29, 1939. In a proceeding brought on by complainant, the court determined that the defendant appellant herein is the father of a child, Carson Rossman, born to said Florence Rossman on November 23, 1938, and ordered defendant-appellant to pay the expenses of confinement and to pay for the support of the said child until he shall have reached the age of sixteen years. It is apparent that the evidence as to paternity of this child was entirely satisfactory to the Children's Court judge, the trier of the facts. The determination of the trial court is amply sustained by the evidence. Determination and order unanimously affirmed. Present — Hill, P. J., Crapser, Bliss, Heffernan and Schenck, JJ.

LILLIAN BLAKE, Respondent, v. NORTH EAST WHITE TOWER SYSTEM, INC., Appellant.— Motion for leave to appeal to the Court of Appeals denied. Present — Hill, P. J., Crapser, Bliss, Heffernan and Foster, JJ.

In the Matter of the Application of ELIZABETH CROFUT GRAHAM, as Executrix, etc., of JAY M. CROFUT, Deceased, for an Order to Discover Personal Property Belonging to Said Decedent. EVA M. SCHIEFEN, Appellant; ELIZABETH CROFUT GRAHAM, Respondent.— Appeal from a decree of the Surrogate's Court and decision of the surrogate of Schuyler county in a discovery proceeding instituted by the respondent as executrix of the will of Jay M. Crofut, deceased. It is alleged that the appellant, as executrix of the Rhoda Smith estate, wrongfully entered the house belonging to the estate of Jay M. Crofut and removed certain articles of furniture. Appellant contends that the furniture in question actually belonged to Rhoda Smith. For approximately ten years prior to Jay M. Crofut's death, Rhoda Smith had lived in his house as caretaker. Appellant contends that Rhoda Smith took the furniture in question to Crofut's house when she moved in. She died three weeks after Crofut, and this dispute between the two executrices followed. The surrogate, after hearing the evidence, made findings in favor of the respondent and awarded the property involved to her as representative of the estate, on the theory that it had actually belonged to Jay M. Crofut at the time of his death. Six witnesses testified on behalf of the respondent and their testimony was sufficient to support the decision of the surrogate. There is nothing in the record to indicate that the decision was against the weight of evidence in any respect. The argument as to which party should bear the onus of proof is academic and need not be decided in view of the fact that the respondent herein actually has sustained her position by a preponderance of evidence upon the record. The decree and decision of the surrogate of Schuyler county should be affirmed. Decree and decision of the Schuyler county surrogate unanimously affirmed, with costs and disbursements. Present — Hill, P. J., Crapser, Heffernan, Schenck and Foster, JJ.